**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| G.K., | : | Civil Action No. 23-cv-4260 (SRC) |
|  | : |  |
| Plaintiff, | : | OPINION |
|  | : |  |
| v. | : |  |
|  | : |  |
| COMMISSIONER OF SOCIAL SECURITY, | : |  |
|  | : |  |
| Defendant. | : |  |

**CHESLER**, District Judge

This matter comes before the Court on the appeal by Plaintiff G.K. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") and disability insurance benefits ("DIB") under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. § 1381, et seq. This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g). Having considered the parties' submissions, (D.E. No. 8 ("Pl.'s Br."); D.E. No. 10 ("Def.'s Opp. Br.")), the Court decides this matter without oral argument and, for the reasons set forth below, the Court vacates and remands the decision of the Commissioner.

I.   BACKGROUND

On February 12, 2021, Plaintiff filed applications for DIB and SSI. (D.E. No. 5, Administrative Record ("Tr.") at 15.) Plaintiff initially alleged disability starting June 30, 2005, but later amended the alleged onset date to March 1, 2020. (Id.) These claims were initially denied on May 18, 2021, and upon reconsideration on August 11, 2021. (Id.) A hearing was held before Administrative Law Judge ("ALJ") Sharon Allard on December 14, 2021 and on June 29, 2022, the ALJ issued a decision determining that Plaintiff was not disabled under the Act because, given Plaintiff's residual functioning capacity ("RFC"), Plaintiff remained capable of performing jobs existing in significant numbers in the national economy. Plaintiff sought review of the ALJ's decision from the Appeals Council. After the Appeals Council denied Plaintiff's request on June 20, 2023, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the June 29, 2022 decision, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff had the RFC to perform light work with certain limitations. The ALJ also found that Plaintiff had no past relevant work. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. Thus, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. On appeal, Plaintiff alleges that substantial evidence does not exist to support the ALJ's determination as to Plaintiff's RFC.

II.   LEGAL STANDARD

This Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986). Substantial

evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance." McCrea v. Comm'r of Soc. Sec., 370 F.2d 357, 360 (3d Cir. 2004).  The Supreme Court reaffirmed this in Biestek v. Berryhill, 587 U.S. 97, 103 (2019).  The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision.  See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981).

## III.    DISCUSSION

On appeal, Plaintiff argues that the Court should reverse the Commissioner's decision and order the payment of benefits or, in the alternative, vacate and remand this decision on the grounds that "the decisional RFC is not based on substantial evidence and is clearly the result of the ALJ's lay speculation and not the required function by function analysis."  (Pl.'s Br. at 6.)  Plaintiff asserts many errors in the ALJ's determination of Plaintiff's RFC, but the Court need only reach one of Plaintiff's arguments which succeeds, that the finding that Plaintiff can stand or walk for more than four hours per day is not supported by substantial evidence.

At step four, the ALJ determined that Plaintiff retained the RFC to perform "light work" with the following limitations:

> The claimant can occasionally push or pull with the upper extremities. The claimant can occasionally climb ramps and stairs, stoop, kneel, and crouch. The claimant cannot climb ladders, ropes, or scaffolds, or crawl. The claimant can frequently handle and finger bilaterally and occasionally reach overhead with the right upper extremity, which is the dominant hand. The claimant can have no more than occasional exposure to concentrated fumes, odors, dusts, gases, and poor ventilation. She is able to understand, remember, and carry out simple instructions for tasks which are not at an

> assembly line pace and can adapt to occasional changes in essential work tasks.

(Tr. at 34.)

In arriving at this RFC determination, the ALJ stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence." (Id.) Regarding Plaintiff's ability to walk or stand, Plaintiff claimed that she does not use anything to help her stand or walk and could only stand for ten to fifteen minutes. (Id. at 35.) The ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." (Id. at 36.) In the Function Report, both Plaintiff and her mother stated that Plaintiff could only walk half a block at a time. (Id. at 43.) The ALJ found these statements unpersuasive as they are not medical evidence. (Id.)

The ALJ also looked to medical opinions and prior administrative findings, including reports of experts used by the Disability Determination Services ("DDS"). The ALJ noted that "DDS found that claimant can . . . stand/walk 4 hours in an 8-hour day." (Tr. at 40.) Although the ALJ did not provide citations to specific DDS expert reports relied upon, DDS reports from May 14, 2021, July 19, 2021, and August 4, 2021 by Dr. Vaghenag Tarpinian and Dr. Mohamed Abbassi found that Plaintiff could stand or walk for only four hours per day. (See C6A, C7A, C9A, C12A, C13A.) ALJ Allard rejected the opinion of these medical experts on this point, noting "the finding that the claimant can stand walk only 4 hours in an 8 hour day is not persuasive, since it is not supported by the medical evidence of record, as the claimant has not had invasive treatment and largely reports subjective symptoms, with little objective findings other than reduced ROM and complaints of pain." (Tr. at 40.) In this appeal, Plaintiff argues that "[t]he [ALJ's] decision

4

doesn't tell us [how long Plaintiff can stand and walk], nor does it tell us what evidence would support this unannounced conclusion." (Pl.'s Br. at 15.)

The Court finds that the ALJ's RFC determination regarding Plaintiff's ability to stand or walk is not supported by substantial evidence. "[T]here is a particularly acute need for some explanation by the ALJ when s/he has rejected relevant evidence[.]" Cotter v. Harris, 642 F.2d 700, 706 (3d Cir. 1981). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." Id. at 706-07. Evidence is not substantial if it "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." Wallace v. Sec'y of Health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983).

Here, in a May 14, 2021 report, Dr. Tarpinian notes that Plaintiff was "able to walk 1/2 a block at a time" and "has a [] limp with difficulty ambulating short steps" as justification for limiting Plaintiff to four hours of standing and walking. (Tr. at 162.) This finding was affirmed in Dr. Abbassi's report. (Id. at 201.) Despite claiming that the opinions of these medical experts were not supported by medical evidence, the ALJ did not point to any specific medical evidence which contradicts Dr. Tarpinian and Dr. Abbassi's conclusions. Indeed, the ALJ points to no assessment, opinion, or finding by any medical expert which instead suggests that Plaintiff retains the RFC to stand or walk for more than four hours per day.

The ALJ's only explanation for rejecting the opinions of Dr. Tarpinian and Dr. Abbassi is the assertion that the medical experts' finding was "not supported by the medical evidence of record, as the claimant has not had invasive treatment and largely reports subjective symptoms, with little objective findings other than reduced ROM and complaints of pain." (Id. at 40.) This

5

appears to be lay medical opinion and does not constitute substantial evidence. "[A]n ALJ is permitted to accept or reject all or part of any medical source's opinion, as long as the ALJ supports his assessment with substantial evidence." Plummer v. Apfel, 186 F.3d 422, 439 (3d Cir. 1999). However, "an ALJ may not make speculative inferences from medical reports." Id. at 429. An ALJ may also not "employ her own expertise against that of a physician who presents competent medical evidence." Id.; Masher v. Astrue, 354 F. App'x 623, 627 (3d Cir. 2009); Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1985) ("By independently reviewing and interpreting the laboratory reports, the ALJ impermissibly substituted his own judgment for that of a physician; an ALJ is not free to set his own expertise against that of a physician who presents competent evidence."). The Third Circuit has stated:

> In other words, shorn of its rhetoric, the ALJ's conclusion that appellant is capable of engaging in sedentary activity is merely a function of the ***ALJ's own medical judgment***. As such, his conclusion may not be permitted to stand, for we have pointed out time and again that these kinds of judgments are not within the ambit of the ALJ's expertise.

Kent v. Schweiker, 710 F.2d 110, 115 (3d Cir. 1983) (emphasis added).

Here, in rejecting the opinions of two medical experts utilized by the DDS, the ALJ made references to a lack of invasive treatment, subjective symptoms, and reduced ROM. Thus, it appears the ALJ made a medical judgment grounded in her own lay opinion and interpretation of the medical reports and evidence of record, contrary to Third Circuit law. The ALJ's own speculative inference absent supporting evidence in the record does not constitute substantial evidence. It is not for the ALJ to interpret medical data or substitute her own opinions for those of a medical expert. The ALJ is neither a treating physician nor a medical expert used by the DDS and the ALJ cannot reject the conclusions of medical experts, finding that Plaintiff could only walk or stand for four hours per day, without pointing to medical evidence of record finding that Plaintiff

could stand or walk for more than four hours per day. As such, the Court is unable to conclude that this part of the RFC determination is supported by substantial evidence.

In opposition, the Commissioner argues that although the medical experts utilized by DDS assessed a limitation to only four hours of standing or walking "the ALJ explicitly rejected this finding, explaining that such a limitation was not supported by the medical evidence of record, as Plaintiff did not have invasive treatment and largely reported subjective symptoms with little in terms of objective findings other than reduced range of motion or complaints of pain." (Def.'s Opp. Br. at 17.) Therefore, the Commissioner argues "it can be reasonably understood that additional exertional limitations with respect to standing and walking were not warranted, and that Plaintiff could perform light work within the confines of the regulatory definition." (Id.) This Court is not persuaded. The Commissioner simply repeats the ALJ's statement rejecting the findings of the medical experts used by DDS but does not point to any medical evidence of record, which the ALJ relied on, finding that Plaintiff could stand or walk for more than four hours per day. Instead, the Commissioner argues that the ALJ's finding on this point was "likewise consistent with the ALJ's review of Dr. Bagner's opinion." (Id.) The issue with the Commissioner's argument, however, is that the ALJ made no reference to Dr. Bagner for this determination. Nowhere in this portion of the ALJ's decision does she reference a finding by Dr. Bagner or any other medical expert regarding Plaintiff's ability to walk or stand for more than four hours per day. (See Tr. at 40, 42.) The Commissioner attempts to rely on medical records not cited by the ALJ which is not permissible under Third Circuit law. See Fargnoli v. Halter, 247 F.3d 34, 44 n.7 (3d Cir. 2001) ("[T]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." (quoting SEC v. Chenery Corp., 318 U.S. 80, 87 (1943))).

In short, this Court does not find substantial evidence to support the ALJ's RFC determination as to standing and walking and cannot affirm it. The ALJ appears to have rejected the findings of medical experts utilized by DDS based on her own lay opinion and interpretation of the medical evidence of record, contrary to Third Circuit law. As the ALJ fails to provide an adequate explanation for rejecting relevant evidence on this point, this Court therefore finds that, as to this part of the RFC determination, the Commissioner's decision is not supported by substantial evidence. Given Dr. Tarpinian and Dr. Abbassi's contrary conclusions on this point, Plaintiff has also demonstrated that she may have been prejudiced by this error.

## IV. CONCLUSION

For the reasons set forth above, this Court finds that the ALJ's decision is not supported by substantial evidence and the Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion. An appropriate Order will follow.

s/Stanley R. Chesler  
STANLEY R. CHESLER, U.S.D.J.

Dated: April 9, 2025